**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rocky Lane, | CV-16-04231-PHX-DGC (DMF) |
| Petitioner, | CR-12-01419-PHX-DGC |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Petitioner Michael Rocky Lane filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 2, 2016. Doc. 1. On December 14, 2017, Magistrate Judge Charles R. Pyle issued a Report and Recommendation ("R&R") that the Court deny the motion on the merits. Doc. 23. On April 2, 2018, the Court issued an order accepting the R&R and denying Petitioner's motion (the "Order"). Doc. 32. The Clerk entered judgment accordingly. Doc. 33. Petitioner now moves pro se for reconsideration of the Order under Rule 59(e). Doc. 38.[1]

On April 13, 2018, Petitioner filed a notice of appeal of the Order and the Clerk's judgment. Doc. 39. The Court nonetheless retains jurisdiction to decide Petitioner's timely motion for reconsideration pursuant to Federal Rule of Appellate Procedure 4(a)(4). *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th

---

[1] Petitioner filed an original motion for reconsideration on April 9, 2018. Doc. 36. On April 12, 2018, he requested leave to amend the motion. Doc. 37. The Court will grant Petitioner's request and consider the amended motion (Doc. 38) with the original exhibits incorporated.

Cir. 2002); *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (Notice of appeal did not "divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration.").

**I. Legal Standard.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Nor should such motions ask the Court to rethink what it has already considered. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule 59(e) permits alteration or amendment only if: (1) newly discovered evidence has been presented, (2) the Court committed clear error, (3) the judgment is manifestly unjust, or (4) there is an intervening change in controlling law. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

**II. Discussion.**

Petitioner's § 2255 motion, filed through counsel, raised five grounds for relief. Doc. 1. Each ground alleged ineffective assistance based on his trial or appellate counsel's failure to make various arguments. *Id.*

Petitioner's motion for reconsideration argues that the Court improperly excluded "evidence of [Petitioner's] subjective belief of legality" at trial, thereby denying him the opportunity to present a complete defense in violation of the Sixth Amendment. Doc. 38 (citing Case 12-CR-01419, Doc. 364). Petitioner asserts that such evidence was relevant to proving the knowledge requirement under the Controlled Substance Analogue Enforcement Act of 1986, as explained in *McFadden v. United States*, 135 S. Ct. 2298 (2015). *Id.*

Petitioner's *McFadden* argument is something of a moving target. His § 2255 motion argued that "*McFadden* changed the knowledge requirement for analogues and should be applied to this case, and counsel was ineffective for failing to point out that the

knowledge element required Lane to know both the chemical structure of the analogue and the chemical structure of the controlled substance." Doc. 7 at 3. Judge Pyle and this Court correctly noted that the jury instructions in Petitioner's case required the government to prove that Petitioner knew the analogues at issue had a chemical structure substantially similar to a controlled substance. Doc. 23 at 19-20; Doc. 32 at 7-8. Because this comports with *McFadden*, Petitioner's counsel did not err by failing to urge the *McFadden* standard at his trial – it was already being applied.

In his objection to the R&R, Petitioner shifted his argument a bit, asserting that his counsel erred by failing to argue that Petitioner believed what he was doing was legal. Doc. 24. The Court noted in response that even under *McFadden*, "ignorance of the law is typically no defense to criminal prosecution[.]" Doc. 32 at 8; *McFadden*, 135 S. Ct. at 2304. True, the government after *McFadden* must meet a knowledge requirement:

> That knowledge requirement can be established in two ways. First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, *even if he did not know its legal status as an analogue*. The Analogue Act defines a controlled substance analogue by its features, as a substance "the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II"; "which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than" the effect of a controlled substance in schedule I or II; or which is represented or intended to have that effect with respect to a particular person. § 802(32)(A). A defendant who possesses a substance with knowledge of those features knows all of the facts that make his conduct illegal, just as a defendant who knows he possesses heroin knows all of the facts that make his conduct illegal. A defendant need not know of the existence of the Analogue Act to know that he was dealing with "a controlled substance."

*Id.* at 2305 (emphasis added). If a defendant possesses this knowledge, he need not also know that his conduct is illegal. *See United States v. Beltran-Flores*, 707 F. App'x 495,

496 (9th Cir. 2017) (finding that *McFadden* "does not imply that the government must prove that a defendant knew that their conduct was illegal"). As a result, the Court correctly concluded in its previous order that Petitioner's counsel was not ineffective by failing to argue that Petitioner believed what he was doing was legal.

In his current motion, Petitioner shifts his argument again. He now asserts that the Court precluded him at trial from presenting any evidence of his subjective belief of legality, and that counsel was ineffective for failing to object. Doc. 38 at 2. But the Court drew the same line as the Supreme Court. It did not permit him to argue that he subjectively believed his actions were legal, but it did permit him to rebut every knowledge and intent element the government was required to prove:

> The Court will grant the government's motion in limine with respect to any evidence or argument that Defendants believed their conduct to be legal, or any advice-of-counsel defense. *In light of the government's proof requirements as set forth above, however, Defendants may present evidence and argument that they did not know the substances at issue in this case had chemical structures substantially similar to that of a controlled substance or that the substances had substantially similar physiological effects. Defendants may also present evidence that they did not intend or represent that the substances had such effects.*

Case 12-CR-01419, Doc. 364 at 5-6 (emphasis added). Thus, the Court allowed Petitioner to present the very evidence the Supreme Court would allow under *McFadden*. As a result, counsel was not ineffective in failing to object.

Petitioner also seems to argue at times that his counsel was ineffective in failing to present evidence that would rebut the elements of the offense under *McFadden*. The Court does not agree, as Petitioner's counsel attempted at trial to show that Petitioner did not know the substances were analogues. But even if the Court could conclude that counsel erred in failing to present the e-mails cited by Petitioner or similar evidence, the Court could not conclude that Petitioner was prejudiced as required for an ineffective assistance claim under *Strickland*. As Judge Pyle noted, there was overwhelming evidence of Petitioner's knowledge presented to the jury:

> For example, the record amply supports conclusions that Movant: (1) was aware under both alleged conspiracies that MDPV had been listed, and sought replacement substances (Doc. 18-1 at 24-28, 147-149, 185-186, 236, 241, 295, 464, 719); (2) discussed the quality of the chemicals he used for his products (*Id.* at 331, 376, 420-421, 641-643, 719-720); (3) was familiar with literature defining both chemical structure and stimulant effects of MDPV, a-PVP, a-PBP, and a-PPP (*Id.* at 725-727); (4) was aware of the Analogue Act and knew the substances he was using to replace MDPV were treated as controlled substances under that Act (*Id.* at 149-150, 156, 184, 236, 239, 248, 392, 643); (5) knew the substances he was distributing had a substantially similar effect to a controlled substance (*Id.* at 28-29, 40-41, 50, 158, 163, 295, 318, 467, 722-723); (6) was aware that packages of analogue substances he had ordered from overseas had been seized by U.S. Customs agents (*Id.* at 304, 317-318, 330, 561-563, 654-655); (7) was aware that consumers of his products were using them to get high (*Id.* at 67, 171-172, 316, 706, 723); (8) employed evasive behavior with respect to law enforcement with respect to both conspiracies, including use of "lingo" to identify products (*Id.* at 31-32, 161, 243); (9) labeled product as "not for human consumption" and "novelty only" (*Id.* at 55, 156, 161-162, 308, 465-466, 716); (10) received chemicals shipped from China with decoy labels (*Id.* at 177-178, 181, 386, 713-714); and (11) used various other means to evade law enforcement (*Id.* at 161-162, 173-174, 176, 236, 308, 720).

Doc. 23 at 20.

Nor has Petitioner presented newly discovered evidence or an intervening change in law. The e-mails Petitioner cites were either sent or received by Petitioner himself (*see* Doc. 36 at 58-68), and Petitioner admits that his trial counsel was aware of them and the Court considered them before or during trial (Doc. 38 at 2, 6-7). Petitioner does not argue that the e-mails constitute newly discovered evidence. Petitioner submits two cases with his motion. One is a case from the Northern District of Oklahoma that was overturned by the Tenth Circuit more than a year before Petitioner filed his § 2255 motion. *See* Doc. 36 at 24-28; *United States v. Makkar*, 810 F.3d 1139 (10th Cir. 2015). The other is a Ninth Circuit opinion finding that a district court denied a defendant the right to present a defense under circumstances completely unrelated to Petitioner's. *See* Doc. 36 at 47-57; *United States v. Brown*, 859 F.3d 730 (9th Cir. 2017). Neither case

announces an intervening change in law that is material to Petitioner's § 2255 grounds for relief.

**III.    Certificate of Appealability.**

Petitioner's motion for a certificate of appealability (Doc. 42) will be denied because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find Petitioner's constitutional claims debatable or wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED**:

1. Petitioner's motion for leave to file an amended motion for reconsideration (Doc. 37) is **granted**.
2. Petitioner's first motion for reconsideration (Doc. 36) is **denied** as moot.
3. Petitioner's amended motion for reconsideration (Doc. 38) is **denied** for reasons stated in this order.
4. Petitioner's motion for certificate of appealability (Doc. 42) is **denied**.

Dated this 19th day of April, 2018.

_____
David G. Campbell
United States District Judge